KEKER, VAN NEST & PETERS LLP
KHARI J. TILLERY - # 215669
ktillery@keker.com
AJAY S. KRISHNAN - # 222476
akrishnan@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant AGI7 Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| TURING VIDEO TECHNOLOGY, INC., | Case No. 3:24-cv-04606 |
|---|---|
| Plaintiff, | |
| v. | **AGI7 INC.'S NOTICE OF REMOVAL OF CIVIL ACTION** |
| AGI7 INC., | **Removal Pursuant to 28 U.S.C. §§ 1441(a), 1446 (federal question).** |
| Defendant. | Removed from the Superior Court for the State of California, County of Santa Clara. |
| | Complaint Filed:        June 26, 2024 |
| | Action Removed:      July 30, 3024 |

**TO THE CLERK OF THIS COURT AND TO PLAINTIFF TURING VIDEO TECHNOLOGY, INC. ("TURING"):**

**PLEASE TAKE NOTICE THAT** Defendant AGI7 Inc. ("AGI7") hereby removes the state-court action filed as Case No. 24CV442062 in the Superior Court for the State of California for the County of Santa Clara to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1441 and 1446.  In removing this action, AGI7 expressly reserves all defenses and rights.

## I. STATEMENT OF THE CASE

1. On May 6, 2024, Turing filed a complaint against AGI7 in the Superior Court for the State of California for the County of Santa Clara.  A true and correct copy of Turing's complaint and summons is attached as **Exhibit A** herewith.  Turing alleges that it is California company with a principal place of business at 1730 South El Camino Real, Suite 480, San Mateo, California 94402. Compl. ¶ 3. And AGI7 is a Delaware company with its principal place of business at 1702 Meridian Ave., Suite 198, San Jose, CA, 95125.

2. Turing's complaint centers entirely on allegations that AGI7 misappropriated trade secret information related to Turing's video technology. Based on these allegations, Turing asserts three causes of action, claiming that AGI7 violated (1) the federal Defend Trade Secrets Act ("DTSA"); (2) California's Uniform Trade Secrets Act ("CUTSA"); and (3) California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"). *See* Compl. ¶¶ 77-104. Turing's UCL claim asserts that AGI7's misappropriation of Turing trade secrets was unlawful, unfair, and fraudulent. *See* Compl. ¶¶ 99-104.

## II. REMOVAL OF PLAINTIFF'S ACTION TO THIS DISTRICT IS PROPER.

3. A defendant may remove to this Court any state-court civil action over which this Court has original subject matter jurisdiction.  28 U.S.C. § 1441(a).

4. This Court has federal-question jurisdiction over Turing's DTSA claim. Federal courts have original subject matter jurisdiction over federal questions, *i.e.*, "all civil actions arising under the Constitution [or] laws . . . of the United States."  28 U.S.C. § 1331. The DTSA is a federal statute. And it vests federal courts with original jurisdiction over civil cases involving

the misappropriation of trade secrets "if the trade secret is 'related to a product or service used in, or intended for use in, interstate or foreign commerce.'" *Dental Health Servs., Inc. v. Miller*, 2023 WL 2812353, at *3 (W.D. Wash. Apr. 6, 2023) (citing 18 U.S.C. § 1836(b)(1)). Here, Turing's DTSA claim alleges that AGI7 misappropriated trade secrets used in products that are "sold across the United States, and as a result, are related to a product or service used in, or intended for use in, interstate and foreign commerce." Compl. ¶ 92.

5. In addition, this Court has supplemental jurisdiction over Turing's CUTSA and UCL claims, which arise under California law. A court may exercise supplemental jurisdiction over state-court claims that are "so related" to a federal claim "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 157 (1997) (citations omitted). Here, Turing's CUTSA and UCL claims rely on the same assertions of trade-secret misappropriation that give rise to its DTSA claim. Compl. ¶¶ 73-89, 99-104. The Court should exercise supplemental jurisdiction over these California law claims. *See Struck v. Gao*, 2022 WL 16858015, at *3 (C.D. Cal. Aug. 18, 2022) (exercising supplemental jurisdiction over plaintiff's CUTSA, UCL, and other state-law claims after concluding that plaintiff's state-law claims "arise out of [d]efendants' alleged acquisition and use of [p]laintiffs' confidential and proprietary information" and thus had the "same operative facts" as plaintiff's DTSA claim.).

### III. INTRADISTRICT ASSIGNMENT AND RELATED CASES

6. Turing may remove this action to this District because this District embraces the Superior Court of the State of California for the County of Santa Clara, where Turing originally filed its complaint.  *See* 28 U.S.C. § 1441 (a).

7. To the extent that intradistrict assignment is appropriate, this case should be assigned to the San Jose Division of this District because a substantial part of the events or omissions alleged in the complaint occurred in Santa Clara County.  *See* Civ. L.R. 3–2(e).

8. AGI7 is not aware of any related cases currently pending in this District.

Dated: July 30, 2024                                KEKER, VAN NEST & PETERS LLP

                                            By:  */s/ Khari J. Tillery*
                                                 KHARI J. TILLERY
                                                 AJAY S. KRISHNAN

                                                 Attorneys for Defendant AGI7 Inc.